1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID ENRIQUEZ,                          Case No.: 1:23-cv-00767 SKO (PC)

12                    Plaintiff,

13          v.                                 **FIRST INFORMATIONAL ORDER IN
                                               PRISONER/CIVIL DETAINEE CIVIL
14    CALIFORNIA DEPARTMENT OF                 RIGHTS CASE WHERE PLAINTIFF IS
      CORRECTIONS AND                          PROCEEDING WITH COUNSEL**
15    REHABILITATION, et al.,

16                    Defendants.

17

18          **I.      INTRODUCTION**

19          Plaintiff is a prisoner/civil detainee proceeding with counsel in this civil rights action.

20          In litigating this action, the parties must comply with this Order, the Federal Rules of Civil

21    Procedure (Fed. R. Civ. P) and the Local Rules of the United States District Court, Eastern

22    District of California (Local Rules), as modified by this Order. Failure to comply will be grounds

23    for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ.

24    P. 41(b).

25          **II.     SCREENING OF COMPLAINT**

26           Section 1915A of Title 28 of the United States Code provides as follows:

27                    **(a) Screening.**--The court shall review, before docketing, if feasible
                      or, in any event, as soon as practicable after docketing, a complaint
28                    in  a  civil  action  in  which  a  prisoner  seeks  redress  from  a

1    governmental entity or officer or employee of a governmental entity.

2    **(b) Grounds for dismissal.**--On review, the court shall identify
     cognizable claims or dismiss the complaint, or any portion of the
3    complaint, if the complaint--

4         **(1)** is frivolous, malicious, or fails to state a claim upon which
          relief may be granted; or
5
6         **(2)** seeks monetary relief from a defendant who is immune
          from such relief.

7         **(c) Definition.**--As used in this section, the term "prisoner" means
          any person incarcerated or detained in any facility who is accused of,
8         convicted of, sentenced for, or adjudicated delinquent for, violations
          of criminal law or the terms and conditions of parole, probation,
9         pretrial release, or diversionary program.

10   Section 1915A makes no distinction between a prisoner proceeding *pro se* and a prisoner

11   represented by counsel. Therefore, this Court will screen a prisoner plaintiff's complaint in either

12   case. *See, e.g.*, *Johnson v. Hall*, No. 2:19-cv-1752 KJN P, 2019 WL 4392413, at \*1 (E.D. Cal.

13   Sept. 13, 2019) ("The court is required to screen complaints brought by prisoners seeking relief

14   against a governmental entity or officer or employee of a governmental entity, regardless of

15   whether plaintiff is presented by counsel"); *Garcia v. Greenleaf*, No. 2:16-cv-0269 DB P, 2017

16   WL 1153039, at \*1 (E.D. Cal. Mar. 27, 2017) (screening represented state prisoner's complaint in

17   § 1983 action); *Munoz v. California Department of Corrections*, No. 1:16-CV-01103-LJO-MJS,

18   2016 WL 6298533, at \*1 (E.D. Cal. Oct. 27, 2016) (screening former state prisoner's complaint

19   who is represented by counsel in § 1983 action). Screening of a prisoner plaintiff's complaint will

20   occur whether the filing fee has been paid or whether the prisoner plaintiff is proceeding *in forma*

21   *pauperis*. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (the Prison

22   Litigation Reform Act (PLRA) of 1996 requires federal district courts "to screen all civil cases

23   brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro

24   se, or is represented by counsel, as the statute does not differentiate between civil actions brought

25   by prisoners"); *see also Pruitt v. Bobbala*, No. 2:20-cv-0632 KJM AC P, 2023 WL 2277540, at

26   \*1 (E.D. Cal. Feb. 28, 2023) (quoting same).

27        This Court screens prisoner plaintiff complaints as expeditiously as possible. However,

28   this Court has an extremely large number of prisoner plaintiff civil rights cases pending before it,

1  and delay is inevitable. The complaint will be screened in due course.

2      **III.    SERVICE OF COMPLAINT**

3          Until screening of the complaint has been completed and the Court has determined the

4  complaint states a cognizable claim or claims upon which relief can be granted, no summons shall

5  issue nor shall service of the complaint be attempted.

6      **IV.    DISCOVERY**

7          The Court will issue a Discovery and Scheduling Order after defendants have filed an

8  answer to the complaint. The Court may also delay the issuance of a Discovery and Scheduling

9  Order by staying the action briefly for possible referral to early alternative dispute resolution

10  proceedings.

11          The Discovery and Scheduling Order will provide deadlines for the filing of motions

12  concerning the exhaustion of administrative remedies, the completion of all discovery, the filing

13  of amended pleadings, and the filing of pre-trial dispositive motions. No discovery may be

14  initiated until the Court issues its discovery order or otherwise orders that discovery begin.

15      **V.    HEARINGS**

16          All pre-trial motions will be submitted for decision based solely upon the written papers

17  and without a hearing. Local Rule 230(*l*). Further, Local Rule 230(*l*) sets out the schedule for

18  briefing on motions.

19      **VI.    DEADLINES**

20          Absent good cause, all Court deadlines are strictly enforced.

21          Requests for extensions of time must be filed before the deadline expires and must state

22  good reason for the request. Local Rule 144.

23

24  IT IS SO ORDERED.

25  Dated:   **May 24, 2023**                        /s/ *Sheila K. Oberto*

26                                        UNITED STATES MAGISTRATE JUDGE

27

28